# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 06-809V
Filed: September 14, 2015
Not to be Published

* * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| ROBERT T. BEVILL and<br>JANICE BEVILL, parents and<br>natural guardians of RCB, a minor,<br><br>　　　　　Petitioners,<br><br>　　v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>　　　　　Respondent. | Autism; Failure to Prosecute;<br>Failure to Follow Court<br>Orders; Dismissal |

* * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION DISMISSING PETITION

On November 27, 2006, Petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program,[1] alleging that RCB was injured by a vaccine or vaccines listed on the Vaccine Injury Table.  See § 14.  I hereby dismiss this petition because Petitioners have failed to prosecute or prove this case.

For more than eight years, Petitioners have been unable to produce an expert report in support of their claim.  On July 25, 2012, Petitioners were ordered to file an expert report within 90 days. (ECF No. 21.)  Thereafter, several requests for enlargements of time to file Petitioners' expert report were granted. (*See* ECF Nos. 27, 30, 34.)  On April 8, 2013, when Petitioners' expert report was long overdue, I filed an Order to Show Cause why this Petition should not be dismissed, due to Petitioners' failure to prosecute. (ECF No. 36.)  Petitioners filed a timely response indicating that they were seeking additional medical testing for RCB, and consulting a potential expert. (Status Report, ECF No. 37.)

Petitioners filed additional status reports to update the court concerning their efforts to schedule further medical tests and provide an expert report based on those test results.  (ECF Nos. 39, 47, 54.)  On September 6, 2013, Petitioners were again ordered to file an expert report

---

[1] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

in support of their Petition, by December 2, 2013. (ECF No. 48.)  Petitioners then filed a series of requests for additional time.  These requests were granted, and a new deadline for Petitioners' expert report was assigned on each occasion.  (*See* Orders, ECF Nos. 57, 59, 61, 63.)

On June 18, 2014, Petitioners filed a Motion requesting an unlimited suspension of proceedings.  (ECF No. 64.)  Respondent objected. (ECF No. 65.)  A status conference was convened to discuss this matter, which resulted in an Order allowing only a temporary suspension and directing Petitioners to file their expert report by October 23, 2014. (ECF No. 66.)  Petitioners did not file an expert report on that date, nor did they request additional time to do so.  Therefore, I filed a second Order to Show Cause why the case should not be dismissed, for failure to follow a court order.  (Order, filed 11/12/24, ECF No. 67.)  In response, Petitioners filed a status report indicating that RCB's medical history was currently being evaluated by two potential experts who might be willing to opine in support of their Petition. (ECF No. 68.)

On January 15, 2015, Petitioners again requested an unlimited suspension of proceedings, because they had been unable to obtain the medical tests that their experts had requested. (Status Report, ECF No. 70.)  I denied Petitioners' request for an indefinite suspension, but assigned a new deadline for Petitioners' expert report, on April 16, 2015. (Order, filed 1/16/15, ECF No. 71.)  On April 16, 2015, Petitioners filed yet another Motion for an enlargement of time. (Motion, ECF No. 72.)  I granted that Motion, allowing Petitioners until July 15, 2015, to file their expert report. (Order, ECF No. 73.)

Petitioners did not file a timely expert report, nor did they request more time to do so.  On July 17, 2015, I issued a third Show Cause Order. (ECF No. 74.)  Petitioners were advised that failure to follow court orders would result in dismissal of Petitioners' claim. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl.  503 (1996); Vaccine Rule 21(b). (*Id*.)

Instead of filing an appropriate response, Petitioners submitted a Status Report on August 15, 2015, indicating that they were still seeking additional medical testing for RCB, and further consultations with potential experts. (ECF No. 75.)  On August 5, 2015, I filed an Order directing Petitioners to provide a written statement by their expert explaining the relevance of such testing. (ECF No. 76.)  I allowed Petitioners until September 3, 2015, to file that statement and to provide "some kind of plausible reason to expect that a *viable* expert opinion concerning causation might be obtained," if more time were allowed. (*Id*.)  Petitioners have not filed a statement from their medical expert, nor any other response to my Order.

Accordingly, **this case is dismissed for failure to prosecute and failure to follow court orders.  The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

 /s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master